UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| LEONEL LOPEZ-URQUIZA, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | Nos. | 1:10-CR-151-CLC-SKL-1 |
| v. | ) | | 1:15-CV-092-CLC |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION

This case is before the Court upon a pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("2255 Motion") and supporting memorandum filed by Leonel Lopez-Urquiza ("Petitioner," or "Defendant") on April 13, 2015 [Docs. 140, 141].[1] On July 7, 2015, the United States of America (the "government") filed a response in opposition to the 2255 Motion [Doc. 144]. The 2255 Motion is now ripe.

For the following reasons, Petitioner's § 2255 Motion will be **DENIED**.

## I.    BACKGROUND

Petitioner was convicted of possessing with intent to distribute at least 500 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and illegal re-entry following deportation, in violation of 8 U.S.C. § 1326(a), (b)(2) [Doc. 126]. He was deemed responsible for 1775 grams of "ice" methamphetamine, which yielded an offense level of 38 [Presentence Investigation Report ("PSR") at ¶¶ 13, 19]. After a one-level role reduction, his total offense level was 37 [Doc. 128 at Page ID # 1797]. With a criminal history category of III, the

---

[1] All citations to the record refer to Petitioner's criminal file. The government's motion for an extension of time to respond to the 2255 Motion [Doc. 143] is **GRANTED** *nunc pro tunc.*

resulting United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range was 262 to 327 months' imprisonment [*Id.*; PSR at ¶¶ 43, 57-58 (noting Petitioner was subject to a 240-month enhanced statutory mandatory minimum sentence)]. Defendant was sentenced to 314 months' imprisonment, which is near the top of his Guidelines range [Docs. 126, 128 at Page ID #1797].

Defendant appealed his § 841 conviction and his 314-month sentence to the Sixth Circuit Court of Appeals ("Sixth Circuit") [Doc. 132]. On appeal, Petitioner argued that this Court erred in (1) denying his motions to suppress evidence obtained as a result of his detention and interrogation at a traffic stop and a search of the vehicle he was driving; and (2) granting only a partial minor-role adjustment to his sentence. The Sixth Circuit found no error and affirmed the Court's judgment. After Petitioner moved for rehearing of his sentencing argument, the Sixth Circuit denied that request on April 25, 2014 [Doc. 135]. Petitioner then filed his 2255 Motion on April 13, 2015 [Doc. 140].

Petitioner filed motions pursuant to 18 U.S.C. § 3582(c)(2) for a reduction in his sentence based on a Guidelines sentencing range that was lowered and made retroactive [Docs. 138, 146]. Finding Petitioner eligible for a sentence reduction, the Court granted the motions and reduced Petitioner's sentence from 314 months to 240 months' incarceration, the statutory mandatory minimum sentence [Doc. 153].

Although often nebulous, Petitioner's 2255 Motion and supporting memorandum assert 11 grounds for relief, including: (1) a sentencing claim under *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (2) a jury instruction claim under *Apprendi*; (3) a claim concerning the alleged admission of expert testimony from certain law enforcement officers; (4) a claim both trial and appellate counsel were constitutionally ineffective because of their failure to properly address the issue of trustworthiness; (5) a claim the Court failed to make an independent determination of credibility

in determining drug quantities; (6) a claim the Court imposed an unreasonable sentence; (7) a claim of cumulative error; (8) a claim both trial and appellate counsel were constitutionally ineffective because of their failure to address the type and amount of methamphetamine at issue; and (9) a claim the Court failed to properly impose a four-level reduction based on Petitioner's minor role. Petitioner's tenth claim is that he can establish cause and prejudice for procedural default based upon ineffective assistance of counsel, and his eleventh claim asserts he is entitled to an evidentiary hearing [Docs. 140, 141]. The government argues the 2255 Motion should be denied because the claims are either defaulted or meritless [Doc. 144].

The Court will organize and address Petitioner's claims in three general categories: (1) procedurally defaulted claims; (2) ineffective assistance of counsel claims; and (3) remaining claims.

## II.     STANDARD of REVIEW

### A.     Threshold Standard

Under 28 U.S.C. § 2255(a), a federal prisoner may make a motion to vacate, set aside, or correct his judgment of conviction and sentence, if he claims that the sentence was imposed in violation of the Constitution or laws of the United States; that the court lacked jurisdiction to impose the sentence; or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. As a threshold standard, to obtain post-conviction relief under § 2255 a motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A petitioner bears the burden of demonstrating an error of constitutional magnitude that

had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley,* 512 U.S. 339, 353-54 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a § 2255 motion if "it plainly appears from the face of the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief[.]" *See Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states 'only bald legal conclusions with no supporting factual allegations.'") (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)). If the motion is not summarily dismissed under Rule 4(b), Rule 8(a) requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. Defendant's burden of establishing that he is entitled to an evidentiary hearing is relatively light. *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required if "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Martin*, 889 F.3d at 832 (quoting *MacLloyd v. United States*, 684 F. App'x 555, 559 (6th Cir. 2017) (internal quotation marks omitted). Where the defendant presents an affidavit containing a factual narrative that is neither inherently incredible nor contradicted by the record and the government offers nothing more than contrary representations in response, the

defendant is entitled to an evidentiary hearing. *Martin*, 889 F.3d at 832 (quoting *Huff*, 734 F.3d at 607).

### B.       Standard for Ineffective Assistance of Counsel

Petitioner raises multiple ineffective assistance of counsel issues. Ineffective assistance of counsel is a recognized constitutional violation that, when adequately shown, warrants relief under § 2255. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), governs claims of ineffective assistance of counsel raised pursuant to 28 U.S.C. § 2255. *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013) (citation omitted). To demonstrate a violation of the Sixth Amendment right to effective assistance of counsel, "a defendant must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense." *Id*. (citing *Strickland*, 466 U.S. at 687).

The first prong requires a petitioner to show his attorney's performance was deficient by demonstrating that counsel's "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Stated another way, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Huff*, 734 F.3d at 606 (alterations in original) (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). A reviewing court must be "highly deferential" to counsel's performance, because:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Even if a petitioner is successful in overcoming that presumption, he must still satisfy the second prong of the *Strickland* test, *i.e.*, prejudice. Thus, a petitioner must show not only that his counsel's representation was objectively unreasonable, but also that he was prejudiced by counsel's deficiency because there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McPhearson v. United States*, 675 F.3d 553, 563 (6th Cir. 2012) (quoting *Strickland*, 466 U.S. at 694).

Although the *Strickland* Court emphasized that both prongs must be established for the petitioner to meet his burden, it held there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry. *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

## III. ANALYSIS

### A. Procedurally Defaulted Claims

The government argues Petitioner's challenges to his sentence's correctness, the elements in the jury instructions, and the perceived introduction of opinion testimony from law enforcement witnesses are procedurally defaulted because they could have been presented to the Sixth Circuit on direct appeal, but were not. The Court agrees.

Claims other than those of ineffective assistance of counsel are procedurally defaulted if not raised on direct appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). "In the case where the defendant has failed to assert his

claims on direct appeal and thus has procedurally defaulted, in order to raise them in a § 2255 motion he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Bousley*, 523 U.S. at 622). It is well established that "nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 2006). This hurdle a petitioner faces to excuse procedural default is "intentionally high[,] . . . for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000) (citation omitted).

Further, federal inmates are not entitled to relitigate claims that were raised and considered on direct appeal absent an intervening change in the law or other such extraordinary circumstance. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). "Only the most serious defects in the trial process will merit relief outside of the normal appellate system." *Grant*, 72 F.3d at 506.

In what Petitioner describes as "Issue Ten," without identifying any particular claim, Petitioner argues that due to ineffective assistance of counsel at trial and on appeal he "can establish 'cause and prejudice' excusing any procedural default thus, giving this Court jurisdiction to entertain and revisit his issues which were never raised by trial counsel." [Doc. 141 at Page ID # 1892-93 ("Issue Ten")]. While Petitioner seeks to avoid his procedural default by arguing "cause" for his failure to assert the claim in earlier proceedings and "actual prejudice" from the alleged error, he fails to meet this burden. *See United States v. Frady*, 456 U.S. 152, 167-71 (1982) (explaining that defendants must show that there were prejudicial errors that worked to create

actual and substantial disadvantages that infected defendant's trial with error of constitutional

dimensions); *e.g.*, *Rattigan v. United States*, 151 F.3d 551, 555 (6th Cir. 1998) (explaining that a

defendant "must show 'cause' excusing his procedural default and 'actual prejudice' resulting

from the error of which he complains").  As argued by the government, Petitioner seeks to meet

this burden by (1) citing, but not applying, a litany of cases, (2) erroneously asserting that his

sentence was in excess of the maximum sentence authorized by law, (3) morphing the cause and

prejudice analysis into an inquiry about perceived injustice, and (4) claiming ineffective counsel

in general, but not as to all of his procedurally defaulted claims.

Petitioner's claims, including the sentencing claims—his Issues One, Five, and Six; the

type and quantity of methamphetamine claim—his Issue Two; the opinion testimony claim—his

Issue Three; and the cumulative error claim—his Issue Seven, have all been procedurally defaulted

by his failure to raise them in his direct appeal to the extent Petitioner is attempting to state these

claims as stand-alone challenges. *Bousley*, 523 U.S. at 622.  As addressed in more detail below,

Petitioner has not demonstrated that he received constitutionally ineffective assistance.[2]  Thus, he

has not shown any cause and prejudice to excuse his procedural default (he also has not

demonstrated he is actually innocent of the charges for which he was convicted).  As a result, there

is no basis for excusing his procedural default as to the above claims.  As to his partial minor-role

adjustment sentencing claim—his Issue Nine—he raised this claim on appeal, but the Sixth Circuit

found no error.  Petitioner has not shown any ineffective assistance of counsel or an intervening

change in the law or other extraordinary circumstance that would warrant revisiting this appealed

issue on collateral review.

---

[2] While Petitioner cannot assert these as stand-alone claims due to his procedural default, the
claims will be addressed herein to the extent he has specifically claimed ineffective assistance.

### 1. Sentencing Claims (Petitioner's Issues One, Five, Six, and Nine)

In spite of Petitioner's conclusory arguments, the Court correctly calculated the Guidelines range, then exercised its discretion to reduce Petitioner's offense level by one. Petitioner has not established that his sentence was procedurally or substantively unreasonable. *See United States v. Madden*, 515 F.3d 601, 609 (6th Cir. 2008) (citing *United States v. Heriot*, 496 F.3d 601, 608 (6th Cir. 2007) ("[A] sentence that falls within a properly calculated Guidelines range is accorded a rebuttable presumption of reasonableness."). Petitioner has not met either *Strickland* prong with respect to any of his sentencing challenges. Finally, given the reduction of Petitioner's sentence to the statutory minimum period of incarceration of 240 months [Docs. 153, 154], several of Petitioner's sentencing complaints are also moot. *See* PSR at ¶ 57 (noting Petitioner was subject to a 20-year statutory mandatory minimum for the drug offense and a 20-year statutory maximum for the immigration offense).

In his Issue One, Petitioner contends the Court denied him due process at sentencing mainly because the indictment charged him with possession with intent to distribute a mixture and substance containing methamphetamine and not actual methamphetamine, which the Court used to establish his guideline range; thus, Petitioner asserts that his sentence exceeded the statutory maximum penalty [Doc. 140 at Page ID # 1836; Doc. 141 at Page ID # 1861-66 ("Issue One")]. Petitioner moves the Court to vacate his conviction or reduce his sentence to the statutory minimum of 240 months. Contrary to Petitioner's claim, the jury found Petitioner guilty of possession with the intent to distribute five hundred grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), so the statutory penalty range is 20 years to life based on the drug quantity and Petitioner's prior drug felony conviction and the Information Pursuant to 21 U.S.C. § 851 filed by the government [Doc. 48]. Petitioner's due process argument fails

because the Court's 314-month sentence did not exceed the statutory maximum sentence, and he has now been sentenced to the mandatory minimum of 240 months.

Petitioner also objects to the Court's use of actual methamphetamine in calculating the advisory guideline range because the superseding indictment alleged an offense involving only a mixture and substance containing methamphetamine and his counsel did not object to same. Contrary to Petitioner's positon, when a case involves a mixture or substance containing methamphetamine, the court must "use the offense level determined by the entire weight of the mixture or substance, or the offense level determined by the weight of the . . . methamphetamine (actual), whichever is greater." U.S.S.G. § 2D1.1(c), Notes to Drug Quantity Table, Note B (Nov. 2016). "Thus, even if the indictment alleges possession of a mixture or substance containing methamphetamine, the Guidelines' commentary directs the court to apply the offense level determined by the weight of the pure methamphetamine in the mixture or substance if doing so would result in a higher offense level." *United States v. Molina*, 469 F.3d 408, 414 (5th Cir. 2006). Where the Court calculates a sentence on actual methamphetamine rather than a mixture and substance, it acts properly because the facts—not the language of the indictment—determine the applicable guideline. *United States v. Crabtree*, 479 F. App'x 730, 731 (6th Cir. 2012).

Count One of the superseding indictment pleaded the type ("methamphetamine"), quantity ("five hundred (500) grams or more"), and schedule ("Schedule II") of the controlled substance at issue [Doc. 53]. Prior to trial, Petitioner was informed of the government's intent to seek an enhanced sentence [Doc. 48]. Petitioner stipulated the methamphetamine seized tested positive "for 1,776 grams of d-methamphetamine hydrochloride (net weight) with a purity level of 97.7 percent, for a total of 1,735 grams of d-methamphetamine hydrochloride (actual drug)." [Doc. 127 at Page ID # 1684]. The Court accepted the stipulation, *id*., and properly instructed the jury [Doc.

144-1 at Page ID # 1940].[3]  The Court then properly sentenced Petitioner.  Petitioner has failed to establish a claim upon which relief can be granted because the jury considered and found all of the factors necessary for Petitioner's increased sentence—namely the drug and quantity— as *Apprendi* does not apply to "the fact of a prior conviction."  *Apprendi*, 530 U.S. at 490.

Petitioner's second sentencing complaint, which he identifies as Issue Five, alleges the Court failed to "independently evaluate the amount of drugs to attribute to a defendant, independent of the jury's verdict." [Doc. 140 at Page ID # 1842; Doc. 141 at Page ID # 1879 ("Issue Five")].  In addition to being procedurally defaulted, the claim is meritless given that Petitioner stipulated to the drug quantity as noted above and did not object to the same quantity used in the PSR to set the base offense level. [Addendum to the PSR at 2, "Objection Number 3, Paragraph Numbers 19-24" (where the petitioner objected to the offense level but not the drug quantity)]. "It is not error for a court to sentence a defendant on the basis of facts to which the defendant himself admitted." *United States v. Salas*, 281 F. App'x 496, 500 (6th Cir. 2008) (citing *United States v. Booker*, 543 U.S. 220, 244 (2005)); *United States v. Vonner*, 516 F.3d 382, 384-85 (6th Cir. 2008) (en banc) (stating that a judge may rely upon facts in a PSR to which a defendant did not object because they are assumed to be admitted).

Petitioner's next sentencing complaint alleges his sentence is unreasonable because the Court assumed "that the guidelines are presumptively reliable to achieve the goals of federal

---

[3] The jury was instructed: "For you to find [Petitioner] guilty of possession with the intent to distribute methamphetamine as charged in Count One of the Superseding Indictment, the government must prove the following three elements beyond a reasonable doubt: (1) [Petitioner] knowingly possessed with the intent to distribute a controlled substance; (2) The controlled substance [Petitioner] distributed was a mixture or substance containing methamphetamine; and (3) The amount of the mixture or substance containing methamphetamine possessed by [Petitioner] was at least 500 grams. You are instructed that methamphetamine is a Schedule II controlled substance."

sentencing;" "failed to adequately review and weigh each of the § 3553(a) factors;" and failed to consider a relevant factor [Doc. 140 at Page ID # 1842; Doc. 141 at Page ID # 1880-84 ("Issue Six")]. For the most part, Petitioner's arguments are conclusory and fail to set forth adequate facts that entitle him to relief. *See, e.g.*, *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing."); *Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) (explaining that where "claims are stated in the form of conclusions without any allegations of facts in support thereof," a § 2255 motion is "legally insufficient to sustain review"). In any event, the issues raised would relate only to a sentence imposed above the mandatory minimum, so the claim is moot given Petitioner's reduced sentence.

In his final sentencing issue, Petitioner asserts that the Court failed to resolve an objection because he "received no explanation for the Court's decision not to award the additional four (4) levels pursuant to U.S.S.G. Section 2D1.1 (a)(5)(iii)" and "erred in failing to resolve a critical sentencing factual dispute" with respect to his minimal participant claim." [Doc. 141 at Page ID # 1889-91 ("Issue Nine")]. His minimal participation arguments are defaulted and contradicted by the record. The Sixth Circuit considered and rejected Petitioner's minor-role reduction arguments and upheld the Court's one-level reduction [Doc. 132 at Page ID # 1821]. *See DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (explaining that absent highly exceptional circumstances, a motion under § 2255 cannot be used to re-litigate an issue already decided on appeal). Moreover, given the reduction of Petitioner's sentence to 240 months, this claim is also entirely moot.

## 2. Type and Quantity Issue (Petitioner's Issue Two)

Petitioner returns to his *Apprendi* argument in his Issue Two, arguing "[b]oth the <u>type and quantity</u> of the controlled substance allegedly involved in the offense must be both charged in the

indictment and proven beyond a reasonable doubt, since both factors serve to increase the statutory maximum in a controlled substance offense." [Doc. 141 at Page ID # 1867 (emphasis in original) ("Issue Two")]. As addressed above, the type and quantity of methamphetamine is properly charged in the superseding indictment, instructed in the jury charge, and reflected in the verdict form. Moreover, the drug quantity necessary for the range of punishment at issue was found by the jury and Petitioner is now sentenced to the statutory minimum rendering this argument moot.

### 3. Opinion Testimony (Petitioner's Issue Three)

Petitioner claims all of the government's law enforcement witnesses improperly offered opinion testimony during the trial, but he only directly addresses the testimony of Lieutenant Shane Daugherty [Doc. 140 at Page ID # 1839; Doc. 141 at Page ID # 1871-76 ("Issue Three")]. Petitioner alleges Lieutenant Daugherty impermissibly gave opinion testimony by identifying the drugs found during the roadside search as ice methamphetamine, by reciting his interview of Petitioner as indicating Petitioner's willingness to cooperate, and by saying he observed alterations to Petitioner's vehicle. While Petitioner complains about the credibility of Lieutenant Daugherty, Assistant Director Chris Smith, Task Force Office Danny Warren, and DEA Agent David Shelton, notably absent from the 2255 Motion is any serious complaint about the actual qualifications, expertise, or credentials of the witnesses, and Petitioner has not credibly contended that any law enforcement officers testified about matters outside of their respective knowledge and training [Doc. 140 at Page ID #1839].

"When an agent gives opinions that rely on the agent's specialized training as a law enforcement officer, that testimony is expert testimony, and the agent must be qualified under Rule 702. However, when an agent relies on his or her personal knowledge of a particular investigation, the agent's opinion may be lay opinion testimony under Rule 701." *United States v. Kilpatrick*,

798 F.3d 365, 384 (6th Cir. 2015) (citations omitted), *cert. denied sub nom. Ferguson v. United States*, 136 S. Ct. 700 (2015), and *cert. denied*, 136 S. Ct. 2507 (2016) (citations omitted).

The Court has reviewed the complained of testimony and finds it does not qualify as "expert" because it did not stray too far from personal knowledge of the facts and observations. In addition, the Court concludes that defense counsel did not provide inadequate assistance by refraining from seeking to qualify these witnesses as experts or by objecting to their testimony at trial on this ground as it was a matter of legitimate trial strategy to do so. Seeking to address qualifications or objecting may, in fact, have resulted in the jury placing more emphasis on their testimony than would have occurred otherwise. "When a court certifies that a witness is an expert, it lends a note of approval to the witness that inordinately enhances the witness's stature and detracts from the court's neutrality and detachment." *United States v. Johnson*, 488 F.3d 690, 697 (6th Cir. 2007) (disapproving practice of court certification of expert witnesses unless considering an objection). The decision not to object and to instead attempt to elicit favorable testimony appears to be a "strategy to avoid elevating [the witness'] testimony to expert status before the jury," especially since their testimony in this case was often factual in nature. *See United States v. Cobbs*, 233 F. App'x. 524, 541 (6th Cir. 2007) ("Indeed, Cobbs may have decided not to request a cautionary instruction as a matter of strategy to avoid elevating Belcher's testimony to expert status before the jury.").

Finally, the overall record would foreclose relief, even if counsel did err, because the handling of this issue in no way prejudiced Petitioner. *See United States v. Martin,* 520 F.3d 656, 659-60 (6th Cir. 2008) (upholding result under plain error review in dual-role scenario with no demarcation and no cautionary instruction where evidence of conviction was strong and no other evidentiary error occurred); *Barnes v. United States*, No. 1:07-CV-1000, 2010 WL 161083, at *2

14

(W.D. Mich. Jan. 8, 2010) (holding in § 2255 that trial counsel's strategic decision not to object to the government's failure to formally qualify three witnesses as experts did not fall below an objective standard of reasonableness where there was no reasonable probability that counsel's alleged errors affected the outcome of the proceedings).

### 4. Cumulative Error (Petitioner's Issue Seven)

Petitioner also claim cumulative error denied him a fair trial [Doc. 140 at Page ID # 1842; Doc. 141 at Page ID # 1885 ("Issue Seven")]. Under the cumulative error doctrine, "a defendant must show that the combined effect of individually harmless errors was so prejudicial as to render his trial fundamentally unfair." *United States v. Warman*, 578 F.3d 320, 349 (6th Cir. 2009) (quoting *United States v. Trujillo*, 376 F.3d 593, 614 (6th Cir. 2004)). Here, Petitioner has failed to demonstrate error or ineffective assistance as to any single claim for relief; thus, there is "simply no error[] to cumulate." *Getsy v. Mitchell*, 495 F.3d 295, 317 (6th Cir. 2007).

### B. Non-Procedurally Defaulted Claims

### 1. Ineffective Assistance (Petitioner's Issues Four and Eight)

Petitioner directly claims ineffective assistance of counsel in two issues. His first ineffective assistance of counsel claim asserts trial and appellate counsel were constitutionally ineffective for failing to request a "cautionary instruction" or address on appeal the "trustworthiness" of Lieutenant Daugherty [Doc. 140 at Page ID # 1840; Doc. 141 at Page ID # 1877-878 ("Issue Four")]. Petitioner asserts Lieutenant Daugherty's testimony was found not credible by another district court in *United States v. Ruiz*, 3:10-cr-254 (M.D. Tenn.) [Doc. 140 at Page ID # 1840]. In this case, however, Lieutenant Daugherty was cross-examined by defense counsel about the issue of his testimony in the *Ruiz* case [Doc. 127 at Page ID # 1627-39]. However, no basis for a cautionary instruction was developed. To the extent Petitioner is

attempting to claim counsel did not sufficiently cross-examine Lieutenant Daugherty, such decisions about whether and to what extent to conduct cross-examination are strategic and "effectively insulated" from ineffectiveness review. *Hurley v. United States*, 10 F. App'x 257, 260 (6th Cir. 2001). Petitioner has not shown that trial counsel's performance was deficient or that he was prejudiced in this regard. *See Bevil v. United States*, Nos. 2:06-CR-52, 2:07-CV-224, 2010 WL 3239276, at *3 (Aug. 16, 2010) (citing *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3rd Cir. 1985) (recognizing that the "burden of proving ineffective assistance of counsel is on the petitioner").

Moreover, Petitioner's complaints about appellate counsel arise from Petitioner's disagreement with the issues raised on direct appeal. The decision of which issues to raise, and how to raise those issues, on appeal mostly rest with counsel. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) (stating that a defendant does not have a constitutional right "to compel appointed counsel to present frivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points"); *see also Smith v. Murray*, 477 U.S. 527, 536 (1986) ("The process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy."); *Coleman v. Mitchell*, 268 F.3d at 430-31. While it is possible to bring a *Strickland* ineffectiveness claim based on appellate counsel's failure to raise a particular claim, "it is difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (citing *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)). "In such cases, the petitioner must demonstrate that the issue not presented 'was clearly stronger than issues that counsel did present.'" *Caver v. Straub*, 349 F.3d 340, 348 (6th Cir. 2003). Petitioner has not come close to making that showing here.

Second, Petitioner claims ineffective assistance of counsel based on the type and quantity of methamphetamine and argues "'methamphetamine' is a generic term encompassing two types of drugs' regular 'Methamphetamine' (D-methamphetamine or Dextro-Methamphetamine) and 'L-methamphetamine/Levo-methamphetamine.'" [Doc. 141 at Page ID # 1886 (Issue Eight")]. Petitioner argues that the Court's use of d-methamphetamine at sentencing was "essential" but, "[b]ecause trial counsel simply 'stipulated' to this alleged fact, she was ineffective." [Doc. 141 at Page ID # 1886-87].

As argued by the government, however, 21 U.S.C. § 841 has never distinguished between d- and l-methamphetamine, and Amendment 518 eliminated any distinction from the guidelines in 1995. *United States v. Frye*, No. 98-5174, 2000 WL 32029, at *5 (Jan. 5, 2000). To the extent Petitioner wishes he had not voluntarily and knowingly stipulated to the drug type, quantity, and quality [Doc. 127 at Page ID # 1683-84], he cannot blame counsel as there is no reason to consider this deficient representation. Moreover, as argued by the government, Petitioner can show no prejudice given the forensic reports. *See, e.g.*, *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) (explaining that "counsel is not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel").

### C.  Request for Evidentiary Hearing (Petitioner's Issue Eleven)

Given the extensive filings of Petitioner, which egregiously thwart the page limits for such filings, any remaining claims mentioned in passing by Petitioner are properly dismissed as violating the local rules and being inadequately developed. *See Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) (citation omitted) (explaining that where "claims are stated in the form of conclusions without any allegations of facts in support thereof," a § 2255 motion is "legally insufficient to sustain review"); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961)

(citations omitted) ("Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing," much less relief).

The Court will, however, briefly address Petitioner's request for an evidentiary hearing in connection with his 2255 Motion [Doc. 141 at Page ID # 1894 "Issue Eleven")]. Upon review of the motions, memoranda, responses and the record, the Court finds that an evidentiary hearing is not required because the record conclusively shows that Petitioner is not entitled to relief as a matter of law. *See Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983) (evidentiary hearing on motion to vacate sentence is not required to resolve purely legal issues). Moreover, Petitioner's factual allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citations omitted) (internal quotation marks omitted). Petitioner's bald assertions and conclusory allegations do not provide sufficient ground to require an evidentiary hearing. *Thomas v. United States*, 849 F.3d 669, 681 (6th Cir. 2017).

## IV.    CERTIFICATE OF APPEALABILITY

Finally, the Court must consider whether to issue a certificate of appealability ("COA") should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c)(1), a petitioner may appeal a final order in a § 2255 case only if he is issued a COA, and a COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Where a claim has been dismissed on the merits, a petitioner must show that reasonable jurists would find the assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right, as jurists of reason would not debate the Court's findings as to any of Petitioner's claims

addressed on their merits.  Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a COA **SHALL NOT ISSUE**.

## V.     CONCLUSION

For the reasons stated herein, the Count finds that an evidentiary hearing is unnecessary and Petitioner's 2255 Motion [Doc. 140] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**An appropriate order shall enter.**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**